HOULIHAN *et al.,* Commissioners, *v.* RYAN, Solicitor-General, *et al.*

DUCKWORTH, Chief Justice. 1. The obvious intent and purpose of the Constitution, art. 6, sec. 12, par. 1, after fixing salaries of State officers including solicitors-general, in declaring, "with the right of the General Assembly to authorize any county to supplement the salary of a judge of the superior court and solicitor-general of the judicial circuit in which such county lies, out of county funds," is to require the concurrence of both the General Assembly and the county fiscal authorities in any salary supplement. The act here involved (Ga. L. 1949, p. 648) does not contain language to show that it merely "authorizes" the county authorities to supplement the salary. Its terms constitute a legistive command to the county authorities to make such supplement. It would be ineffectual under the constitutional provision quoted above, as a command, but is it void for this reason, as is contended by the intervenors? The act, together with the ordinance of the county commissioners, unmistakably expresses the assent of both the General Assembly and the county authorities to the salary supplement, and this would seem to satisfy the requirements of the Constitution. Although the act is mandatory, it unquestionably authorizes, and while the county commissioners are not, under the terms of the constitutional provision here involved, compelled to obey, they may nevertheless choose to act voluntarily in accordance with the authority conferred by the legislative act. Accordingly, the act is not void, but is valid, and has conferred authority upon the county commissioners to adopt the ordinance supplementing the salary of the solicitor-general.

(*a*) Since this officer was already on a salary rather than fee basis, the provisions of the Constitution, art. 6, sec. 12, par. 2, that any change from fee to salary or from salary to fee shall not become effective until the end of the term for which the solicitor-general was elected, has no application here.

2. All other attacks upon the salary supplement are similar to those made in *Houlihan* v. *Atkinson,* ante, 720 and are controlled adversely to the plaintiff in error by the decision of this court in that case. The trial judge did not err in rendering judgment holding the act in question, and the ordinance adopted thereunder, valid, and in ordering payment of the supplement of salary therein provided for.

*Judgment affirmed. All the Justices concur.*

No. 16737. SEPTEMBER 12, 1949.

*John J. Bouhan,* for plaintiffs.

*Eugene Cook, Attorney-General, Aaron Kravitch, Ernest J. Haar, Julian F. Corish,* and *Albert L. Cobb,* for defendants.